## COMMERCIAL CASUALTY INS CO v WHEATMAN

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10,070. Decided October 7, 1929

Mr. E. A. Binyon, Cleveland, for Casualty Co.

Messrs. I. Grohs and Alfred DeLorenzo, Cleveland, for Wheatman.

**LEVINE, J.**

It is claimed that under the terms of the policy, no liability attached to pay indemnity. We are referred to the following provisions found in the policy :

"Does herein insure Ben Wheaton of Cleveland, Ohio, from the first day of October, 1927, beginning and ending at 12 o'clock noon, standard time *** against loss resulting directly and exclusively from sickness or disease contracted and disability beginning not less than thirty (30) days after the date of this policy above stated and while this Policy is in force and for which the Insured is treated by a legally qualified physician other than himself, hereinafter referred to as "such sickness" as specified in the following parts, respectively:

Section P. of that part of the policy headed "Standard Provisions" the first sentence thereof reads:

"A copy of application endorsed hereon is hereby made a part of this contract*** Compliance on the part of the Insured and beneficiary with all the provisions of this policy is a condition precedent to recovery hereunder and any failure in this respect shall forfeit to the Company all right to any indemnity."

Section 15 of the Application reads as follows:

"I have not had, nor am I now suffering from tuberculosis, paralysis, rheumatism, hernia, appendicitis, nor any chronic, or periodic mental or physical ailment or disease, nor am I crippled, or maimed, nor have I any defect in hearing, vision, mind or body, except as herein stated: "No exceptions."

Section 16 reads:

"I have not been confined to the house by sickness or accident during the last five years, nor have I consulted or been treated by a physician during that time, except as herein stated:

"In September 1926 for Ulcer of Stomach lasting 3 weeks."

Section 17 reads:

"Last physician consulted was Dr. Berger, residence 1543 East Boulevard, Date May 1927 for General Examination."

Section 18, reads:

"I have never undergone surgical operation except as herein stated: Date: October 1926 for Ulcer of Stomach. Result: Good. Policy applied for this 1st day of October, 1927.

Signature of applicant: Ben Wheatman."

We are also referred to the cross-examination of Ben Wheatman by counsel for the insurance company, the substance of which is a statement by the assured that he was operated on for ulcer of the stomach and that he was suffering from same in 1926.

There can be no doubt that on December 3, 1926 he was operated upon by Dr. Hamann for ulcer of the stomach. Dr. Oldenburg who was Wheatman's physician, testified to that effect. He also stated that Ben Wheatman, his patient, felt fair after the operation.

It is claimed that the indemnity of $200.00 per month is limited to sickness or disease contracted and disability beginning not less than thirty days after the date of the policy. It is pointed out that in view of the evidence this disease resulting in disability, which was diagnosed as ulcer of the stomach, was a pre-existing disease; that the policy contemplated an obligation to indemnify the assured only for sickness or disease contracted thirty days after the date of the policy, and does not contemplate a pre-existing disease.

It appears that in his application the assured did not conceal the fact that he was operated on for ulcer of the stomach in 1926. He apparently made a fair recovery after the operation. There was a recurrence of same on November 26, 1927 .

Construing the policy most liberally as is the duty of the court to do, we are of the opinion that the provision referred to does not exclude a disease or sickness from which the assured had previously suffered but from which he apparently recovered prior to the issuance of the policy. The policy was issued with full knowledge on the part of the company that on December 3, 1926, the assured was operated on for ulcer of the stomach. They nevertheless accepted the premium and issued the policy and it may be reasonably inferred that both the assured and the company believed that the assured had made a full recovery after said operation.

We find no error in the judgment of the Municipal Court and the same will be affirmed.

Vickery, PJ, and Sullivan, J, concur.